Charles Ray LONG, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–87–0856–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 29, 1991.

James M. Leitner, Houston, for appellant.

Lynne Parsons, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ROBERTSON, JJ.

## OPINION ON REMAND

.MURPHY, Justice.

Appellant was convicted of the aggravated sexual assault of T.S.M., a child, and punishment was assessed at ten years' confinement. In a published opinion, this court affirmed the conviction. *See Long v. State*, 770 S.W.2d 27 (Tex.App.—Houston [14th Dist.] 1989), *rev'd*, 800 S.W.2d 545 (Tex.Crim.App.1990) (per curiam). On appellant's petition for discretionary review, the Court of Criminal Appeals reversed the judgment of this court and remanded the cause for reconsideration of appellant's first point of error. *See Long v. State*, 800 S.W.2d 545 (Tex.Crim.App.1990) (per curiam). We affirm.

In his first point of error, appellant contends that the trial court erred in failing to comply with the provisions of Tex.Code Crim.Proc.Ann. art. 38.072 (Vernon Supp. 1991) to determine the reliability of an outcry statement made by the complainant and reported by her mother. When the mother initially testified to the outcry statement at trial, appellant raised only a general objection to the hearsay nature of the testimony. In our first opinion in this case, we concluded that this general objection was insufficient to preserve the matter for appellate review, and that the point of error did not comport with the objection at trial. *See*

770 S.W.2d at 29. The Court of Criminal Appeals disagreed and remanded the case to this court for further consideration of appellant's complaint. After reviewing the matter, we find that the trial court did not err in overruling appellant's objection, and that any error occasioned by the court's failure to comply with article 38.072 does not warrant reversal of this cause.

At trial, appellant raised his hearsay objection during the state's direct examination of the complainant's mother:

> [PROSECUTOR]: What did [T.S.M.] say to you, Mrs. Jefferson?
>
> [WITNESS]: I said [T.S.M.]—
>
> [DEFENSE COUNSEL]: I object to hearsay.
>
> The question calls for hearsay.
>
> [THE COURT]: Overruled.
>
> [PROSECUTOR]: You can answer the question, Mrs. Jefferson.
>
> [WITNESS]: She said that [appellant] and her daddy had messed with her.

Following this exchange, the prosecutor continued to question the complainant's mother regarding the outcry statement. In the course of this examination, the prosecutor posed numerous questions to Mrs. Jefferson regarding what the complainant had told her. In response to at least six of these questions, Mrs. Jefferson testified in great detail as to what she had been told and the precise nature of the outcry statement. Appellant did not object to any of these questions or responses on hearsay grounds.

At one point during this questioning, however, appellant's attorney did interject an objection on other grounds by stating: "I am going to ask this be what the child told her rather than what she speculates that the child did." The court sustained this objection, and the examination proceeded without objection as follows:

> [PROSECUTOR]: Okay. Mrs. Jefferson, just tell the jury what [T.S.M.] said to you that [appellant] did.
>
> [WITNESS]: She said that [appellant] messed with her. She said [appellant] had her—

Following this exchange, the prosecutor continued to ask Mrs. Jefferson what the complainant had told her, and she continued to answer. No hearsay objection was raised by appellant.

■ As the Court of Criminal Appeals has noted, "[i]t is well settled that an error in the admission of evidence is cured where the same evidence comes in elsewhere without objection; defense counsel must object every time allegedly inadmissible evidence is offered." *Hudson v. State*, 675 S.W.2d 507, 511 (Tex.Crim.App.1984). In this case, the complainant testified without objection regarding the details of the assault and stated that she had told her mother about the offense. In addition, Mrs. Jefferson testified at length regarding the substance of the complainant's outcry statement. Appellant did not object to the admission of this evidence. Accordingly, we hold that any error resulting from the admission of the evidence complained of under this point of error was rendered harmless when the same facts were shown by other evidence.

■ Although we have concluded that the admission of the statement complained of by appellant could not result in reversible error, we note that the trial court did not err in overruling appellant's hearsay objection to the statement. Prior to Mrs. Jefferson's testimony and appellant's hearsay objection, the complainant in this case testified. On cross-examination, the complainant was asked if she liked "makeup stories" and whether she ever made up stories herself. Later, she was questioned as to whether she liked the prosecutor and asked: "So you want to make her happy and do what she wants, don't you?" In view of these attempts to impeach the credibility of the complainant, the outcry testimony from Mrs. Jefferson did not constitute hearsay, because it related a prior consistent statement made by a witness who was subject to cross-examination and whose prior statement rebutted a charge of motive or recent fabrication. *Grogan v. State*, 713 S.W.2d 705, 710 (Tex.App.—Dallas 1986, no pet.). Accordingly, we hold that the trial court did not err in overruling appellant's objection and admitting the out-

cry testimony.  Appellant's first point of error is overruled.

The judgment of conviction is affirmed.