Affirmed and Memorandum Opinion filed August 19, 2003









Affirmed and Memorandum Opinion filed August 19, 2003.

 

In The

 

Fourteenth Court of Appeals

____________

 

NO.
14-02-00072-CR

____________

 

HERBERT HAMILTON, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 



 

On
Appeal from the 262nd District Court

Harris County, Texas

Trial
Court Cause No. 876248

 



 

M
E M O R A N D U M   O P I N I O N

Appellant
Herbert Hamilton, Jr. was convicted of aggravated sexual assault of a
child.  The jury assessed punishment at
life imprisonment in the Institutional Division of the Texas Department of
Criminal Justice.  In three points of
error, appellant claims:  (1) the trial
court erred by denying appellant=s motion for a new trial; (2) the trial court erred by
admitting impermissible outcry witness testimony; and (3) the evidence is
factually insufficient to support the conviction.  We affirm. 








Background

The
complainant, C.W., was five years old when appellant came to live with her
family.  Appellant shared an apartment
with C.W., C.W.=s five siblings, and Tamara Woods, C.W.=s
mother, for approximately six to seven months. 
The children all slept in the same bedroom.  Appellant slept in the living room, but kept
personal effects in the children=s bedroom.  In early
2001, six-year-old C.W. first mentioned the sexual assault when appellant=s
ex-girlfriend, Roniesha Adams, asked if appellant had ever touched her.  Upon C.W.=s confirmation, Adams contacted Woods, who immediately reported
the assault to the police.  C.W. repeated
the outcry, telling her mother that appellant would crawl under the covers in
the bed C.W. shared with her three sisters, get on top of her, and place his
fingers in her vagina.  

C.W. then spoke
to her maternal aunt, Juslyn Young, who asked C.W. to demonstrate what
appellant had done by engaging in role-playing with Young acting as C.W. and
C.W. acting as appellant.  C.W.=s
actions simulated penal to vaginal intercourse. 
C.W. also told Young that appellant touched her breasts and pelvic
area.  

Woods next took
C.W to the Children=s Assessment Center at police request.  At the Center, Dr. Margaret McNeese
interviewed C.W. and performed a medical examination.  C.W. told McNeese that appellant put his
hands under her clothes and touched her Atoo-too,@ pointing to her vaginal area, and got on top of her two or
three times.  The medical exam indicated
C.W.=s
hymen was abnormal due to clefts, or healed notches, in the five and seven o=clock
positions, which is consistent with digital penetration.

The State
offered the testimony of Dr. Jennifer Welch, the Director of Psychological
Services and Research at the Children=s Assessment Center, who stated children often give different
accounts of the alleged abuse and inconsistent accounts would not necessarily
cause her to doubt the child=s statements.  On
cross-examination, Welch admitted child victims may testify untruthfully in
court because they feel they must testify consistently with a previous
story.  While on cross-examination, Welch
also expressed her belief that when a child claims abuse, more often than not,
it has occurred.  








At the close of
the State=s case, appellant rested without presenting evidence.  The jury found appellant guilty.  The State presented evidence at the
punishment hearing of appellant=s previous conviction for sexual assault, which was alleged in the
indictment=s enhancement paragraph. 
After sentencing, appellant timely filed a motion for new trial,
alleging he received ineffective assistance of counsel.  The trial court overruled the motion without
a hearing.  In accordance with an
abatement order issued by this court, on February 21, 2003,  the trial court held a hearing on appellant=s
motion for new trial and again denied the motion. 

Ineffective Assistance of Counsel

In his first
issue, appellant contends the trial court erred in denying his motion for a new
trial based on ineffective assistance of counsel at trial.  Appellant complains trial counsel failed to:
(1) interview witnesses; (2) investigate prior Child Protective Service (ACPS@)
reports involving the complainant=s family; and (3) present expert testimony.

To prevail on a
claim of ineffective assistance of counsel, an appellant must first show that
counsel=s
performance was deficient, i.e., it fell below an objective standard of
reasonableness, and second, that the appellant was prejudiced in that there is
a reasonable probability that but for counsel=s errors, the result would have been different.  Strickland v. Washington, 466 U.S. 668,
687 (1984); Tong v. State, 25 S.W.3d 707, 712 (Tex. Crim. App.
2000).  To be sustained, an allegation of
ineffective assistance of counsel must be firmly founded and affirmatively
demonstrated in the record.  McFarland
v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996), cert. denied 519
U.S. 1119 (1997).  In reviewing an
ineffectiveness claim, a court need not determine whether counsel=s
performance was deficient if it is easier to dispose of the challenge based on
lack of prejudice.  Strickland,
466 U.S. at 697.








A defendant is
not entitled to perfect or errorless counsel. 
McFarland v. State, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), cert.
denied, 508 U.S. 963 (1993). 
Moreover, in reviewing ineffectiveness claims, scrutiny of counsel=s
performance must be highly deferential.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at 713. 
A court must indulge, and a defendant must overcome, a strong
presumption that the challenged action might be considered sound trial strategy
under the circumstances.  Strickland,
466 U.S. at 689; Tong, 25 S.W.3d at 712. 
A fair assessment of attorney performance requires that every effort be
made to eliminate the distorting effects of hindsight and to evaluate the
conduct from counsel=s perspective at the time. 
Strickland, 466 U.S. at 689.

A motion for
new trial is a prerequisite to presenting a point of error on appeal where it
is necessary to adduce facts not in the record. 
Tex. R. App. P. 21.2.  A trial court=s ruling denying a defendant=s motion for new trial is reviewed for abuse of
discretion.  Salazar v. State, 38
S.W.2d 141, 148 (Tex. Crim. App. 2001).

Failure to
Interview Witnesses

Appellant
asserts he received ineffective assistance of counsel because trial counsel
failed to interview or call witnesses who could have testified regarding the
home environment and the other children who shared a bed with the complainant
at the time the assault occurred.  Appellant further alleges counsel failed to
interview the State=s witnesses, Woods, Young, and McNeese, prior to trial.  Appellant argues the failure to interview
these witnesses precluded counsel from calling other potentially helpful
witnesses.








Trial counsel
has a duty to interview potential witnesses and to make an independent
investigation of the facts and circumstances of the case.  See Butler v. State, 716 S.W.2d 48, 54
(Tex. Crim. App. 1986).  However, the
failure to call a witness is irrelevant absent a showing such witnesses were
available and the defendant would have benefitted from their testimony.  King v. State,
649 S.W.2d 42, 44 (Tex. Crim. App. 1983);
Melancon v. State, 66 S.W.3d 375, 381 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  Concerning counsel=s
failure to call witnesses to testify about the home conditions, appellant fails
to specifically name which witnesses should have been called.  Appellant also fails to detail the witnesses=
availability or potential testimony. 
Further, although appellant argues counsel was ineffective for failing
to interview, before trial, the children sharing C.W.=s
bed, the record is silent on how these children=s potential testimony would have benefitted  or advanced appellant=s
position.  Accordingly, we cannot find
counsel=s
representation ineffective for failure to interview or introduce the testimony
of these witnesses.  King,
649 S.W.2d at 44; Melancon,
66 S.W.3d at 381.  Finally, regarding
counsel=s
failure to interview the State=s witnesses, a claim that trial counsel might have discovered
helpful witnesses through these interviews is 
an inadequate showing of prejudice. 
See Kober v. State, 988 S.W.2d 230, 233 (Tex. Crim. App. 1999) (finding appellant failed to establish prejudice from
counsel=s
failure to interview State=s only witness). 
Appellant therefore has not satisfied the prejudice prong of Strickland.  See Strickland, 466 U.S at 693; Kober,
988 S.W.2d at 233.

Failure to Obtain CPS Records

Appellant=s second contention of ineffective assistance of counsel
concerns counsel=s failure to investigate prior CPS reports involving the Woods
family.  In appellant=s
pro se motion for disclosure of CPS records, he argued that the records
contained contradictory statements made by the complainant and information
regarding a neglect investigation of C.W.=s mother.  In his
affidavit, trial counsel explained he had no indication prior to trial that the
records would have been material or admissible. 
As such, they were not a part of any trial strategy.  

When reviewing a claim of ineffective assistance of counsel, we
indulge a strong presumption that counsel=s conduct falls within the wide range of reasonable
professional assistance and the appellant must overcome the presumption that
the challenged conduct can be considered sound trial strategy.  Jackson v. State, 877 S.W.2d 768, 771
(Tex. Crim. App. 1994).  Generally, CPS
records are confidential and subject to disclosure only when essential to the
administration of justice.  Tex. Fam. Code Ann. '
261.201 (Vernon 2002).  Here, the records
related to a separate neglect investigation of the complainant=s
mother.  The only connection to the
sexual abuse claim were statements made by C.W. to a caseworker denying having
been touched in May and August of 2000, which is not entirely inconsistent with
her testimony that she was abused over a period from April to December 2000.








Trial counsel=s affidavit shows he chose not to pursue this evidence because
of uncertainty about its materiality and admissibility.  This is a matter of trial strategy and as
such does not generally establish ineffective assistance.  See generally Melancon, 66 S.W.3d at
375.  Appellant=s
motion did not provide a reasonable basis to conclude otherwise.  Therefore, appellant has not rebutted the
presumption that his attorney=s decision not to pursue the CPS records was within the range
of competent representation.  See
Thompson v. State, No. 73128, 2003 WL 21466925 (Tex. Crim. App. Jun. 25,
2003).  The fact that another attorney
may have pursued a different tactic at trial is insufficient to prove a claim of
ineffective assistance.  Miniel v.
State, 831 S.W.2d 310, 325 (Tex. Crim. App. 1992).  

Failure to Present Expert Testimony

Lastly, appellant alleges counsel=s assistance was ineffective because counsel failed to secure
an expert to testify at trial to rebut Dr. Welch=s testimony.  At trial,
Welch testified children very rarely falsely accuse someone of sexual
assault.  According to appellant, expert
testimony was necessary to overcome Welch=s testimony and to assist counsel in his cross-examination of
the State=s other witnesses. 
Appellant claims failure to present expert testimony denied him the
ability to (1) further a defense that he did not cause the injuries sustained
by C.W., and (2) challenge Welch=s expert testimony regarding when false accusations might
occur.

In support of his motion for new trial, appellant attached an
affidavit from a psychologist, Dr. Carmen Petzold.  Petzold=s affidavit analyzed the testimony given at trial and pointed
out areas that could have been explored on cross-examination.  Petzold concluded that without an expert
witness, trial counsel could not have adequately cross-examined the witnesses
on false-positive allegations of sexual abuse[1].

While Petzold=s affidavit points out areas that could have been explored in
cross-








examination, it provides little more than alternative
strategies for trial counsel.  The
affidavit does not offer an alternative explanation of the evidence that
advances a particular defense not discovered or presented by trial
counsel.  See Butler, 716 S.W.2d
at 54 (stating counsel=s failure to seek out and interview witnesses is ineffective
where any viable defense is not advanced); Ervine v. State, No.
08-00-00129-CR, 2002 WL 595044, *4 (Tex. App.BEl Paso 2002, no pet.) (not designated for publication).  Rather, 
appellant=s supporting affidavit only addresses how an expert could have
assisted trial counsel in cross-examining the State=s
witnesses.

The record indicates trial counsel conducted a thorough
cross-examination of both of the State=s expert witnesses. He questioned McNeese about inconsistencies
with her testimony, her report, C.W.=s confusion with the words Aon@ and Ain@ when recalling the assault, and elicited an admission that
C.W. never claimed appellant touched her with anything other than his hands
amidst allegations of penile penetration. 
Counsel=s cross-examination of Welch was equally effective.  Welch testified a child victim may lie about
sexual assault or feel locked into telling a consistent story; this testimonyCexactly
the point Petzold asserts should have been pursuedCweakened
C.W.=s
testimony.  In light of the record before
us, we are unable to find counsel=s conduct deficient.  See
Strickland, 466 U.S. at 687. 
Accordingly, appellant=s first point of error is overruled.  

Outcry Witness

In
his second point of error, appellant asserts the trial court erred in failing
to comply with Texas Code of Criminal Procedure article 38.072 in (1) allowing
Young to testify as an outcry witness and (2) failing to hold a hearing on the
statement=s
reliability.  See Tex. Code Crim. Proc. Ann. art. 38.072
(Vernon Supp. 2003).  We examine each of appellant=s
grounds separately.








Article 38.072 provides an exception to the hearsay rule,
commonly known as the Aoutcry exception,@ for a hearsay statement made by a child abuse victim.  Tex.
Code Crim. Proc. Ann. art. 38.072 ' 2(a)(1) (Vernon Supp. 2003). 
In the prosecution of an offense committed against a child twelve years
of age or younger, article 38.072 allows admission of statements that: (1)
describe the alleged offense; (2) were made by the child against whom the
offense was allegedly committed; and (3) were made to the first person, 18
years of age or older, other than the defendant, to whom the child made a
statement about the offense.  Id. __ 1B2(a).  Under this rule,
the hearsay statement is admissible if: (1) the State provides timely notice to
the defendant of its intention to introduce an outcry statement; (2) the trial
court finds, in a hearing conducted outside the presence
of the jury, that the statement is reliable based on the time, content, and
circumstances of the statement; and (3) the child testifies or is available to
testify at trial.  Id. ' 2(b)(1)B(3).  

At trial, appellant lodged a single Ahearsay,
not outcry@ objection when Young was first prompted to repeat what C.W.
told her.  After the trial court
overruled the objection, Young proceeded to testify in detail about C.W.=s
statements and actions.  During direct
examination, Young stated that while role playing, C.W. stated appellant (1) had touched her on her Abutt;@ (2) kissed and touched her on her chest; (3) touched her
vaginal area; and (4) Astuck something inside her.@  Through further
testimony, Young relayed her observation that C.W.=s
action mimicked vaginal intercourse. 
Although counsel interjected a Anon-verbal hearsay@ objection at the onset of Young=s testimony on C.W.=s actions, counsel failed to object at anytime while Young was
testifying in detail as to what C.W. said. 
Additionally, during C.W.=s examination, the State asked at length what she had told
Young regarding the assault.  Counsel
again failed to object and even pursued a similar line of questioning on
cross-examination.  Defense counsel must
object every time allegedly inadmissible evidence is offered unless counsel (1)
obtains a running objection or (2) requests a hearing outside the presence of
the jury.  Martinez v. State, 98
S.W.3d 189, 193 (Tex. Crim. App. 2003); see Ethington v. State,
819 S.W.2d 854, 858 (Tex. Crim. App. 1991); see also Long v. State,
821 S.W.2d 216, 217 (Tex.
App.CHouston [14th Dist.] 1991, no pet.).  Trial
counsel failed to seek either a running objection or a hearing and did not
continue to object to the admission of this evidence.  Therefore, appellant has waived error.  See Martinez, 98 S.W.3d at 193; Long,
821 S.W.2d at 217.  Furthermore, any
error resulting from the admission of this evidence was rendered harmless when
other evidence was admitted detailing the same facts. See Long, 821
S.W.2d at 217.








Although appellant concedes the State properly complied with
the article 38.072 notice and victim availability requirements, he argues the
trial court erred in failing to conduct a reliability hearing on C.W.=s
statement to Young.  See Tex. Code Crim. Proc. Ann. art.
38.072 _ 2(b)(2) (Vernon Supp. 2003). 
We find appellant=s objection of Ahearsay, not outcry@ properly apprised the trial court of the basis of his
complaint that a hearing must be held under article 38.072.  See Lankston v. State, 827
S.W.2d 907, 911 (Tex. Crim. App. 1992); Long v. State, 800 S.W.2d
545, 548 (Tex. Crim.
App. 1990) (holding appellant did not waive error by failing to specifically
cite to statute or request a hearing).  Contrary to the State=s contentions, the requirements of article 38.072 are
mandatory.  Long, 800 S.W.2d at
547; Duncan v. State, 95 S.W.3d 669, 671 (Tex. App.CHouston [1st Dist.] 2002, pet. filed).  The
trial court abused its discretion by admitting Young=s
testimony without first conducting a hearing on the reliability of the
statement.  See Duncan, 95
S.W.3d at 671; Bottenfield v. State, 77 S.W.3d 349, 359 (Tex. App.CFort
Worth 2002, pet. ref=d).  Finding the trial
court erred, we must now determine if the admission of improper evidence
prejudiced appellant.

Nonconstitutional error is not reversible if it does not affect
an appellant=s substantial rights.  Tex. R. App. P. 44.2.  Substantial rights are affected when the
error has a substantial and injurious effect or influence in determining the
jury=s
verdict.  King v. State, 953
S.W.2d 266, 271 (Tex. Crim. App. 1997). 
The admission of inadmissible hearsay constitutes nonconstitutional
error and will thus be considered harmless if, after examining the record as a
whole, we are reasonably assured the error did not influence the jury verdict
or had but a slight effect.  Johnson
v. State, 967 S.W.2d 410, 417 (Tex. Crim. App. 1998).  Likewise, improper admission of evidence is
not reversible error if the same or similar evidence is admitted without
objection at another point in the trial. 
Dewberry v. State, 4 S.W.3d 735, 754 n.18 (Tex. Crim. App.
1999).  








In reviewing the great weight of the evidence, we find any
error in admitting the evidence was harmless in light of properly admitted
evidence.  See Johnson, 967 S.W.2d
at 417.  Not only did C.W., uninterrupted
by any objections from appellant, thoroughly testify about the details of the
digital penetration, but her mother also testified as to C.W.=s
outcry of digital penetration without objection.  Additionally, McNeese testified about C.W=s statement that appellant touched her Atoo-too,@
(pointing to her vaginal area) with his hands under her clothes and got on top
of her two or three times.  Lastly,
McNeese testified that she found injuries to C.W.=s hymen consistent with digital penetration.  Because we find the error to be harmless, we
overrule appellant=s
second point of error.  

Factual Sufficiency

Appellant=s third point of error challenges the factual sufficiency of
the evidence supporting the conviction. 
We conduct a factual sufficiency review by asking whether a neutral
review of all the evidence demonstrates the proof of guilt is so obviously weak
as to undermine confidence in the jury=s determination or the proof of guilt, although adequate if
taken alone, is greatly outweighed by contrary proof.  Johnson v. State, 23 S.W.3d 1, 11 (Tex.
Crim. App. 2000).  We may set aside the
jury=s
verdict only if it is so contrary to the overwhelming weight of the evidence as
to be clearly wrong and unjust.  Clewis
v. State, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Although we review the fact finder=s
weighing of the evidence, and we are authorized to disagree with the fact
finder=s
determination, our evaluation should not substantially intrude upon the fact
finder=s
role as the sole judge of the weight and credibility given to witness
testimony.  Johnson, 23 S.W.3d at
7.  In particular, we must defer to the
jury=s
determination concerning what weight to give contradictory testimonial
evidence, because resolution often turns on an evaluation of credibility and
demeanor, an evaluation better suited for jurors who were in attendance when
the testimony was delivered. Id. at 8.

Appellant
claims the evidence is insufficient to support the verdict because it is based
upon the complainant=s
testimony, which appellant alleges is not credible or reliable.  Specifically, appellant points to C.W.=s testimony that the abuse
occurred every night until she was seven years old when, in fact, C.W. did not
turn seven until two months after appellant was arrested.  Appellant also highlights that C.W. stated
she did not understand Adams=s  (the first person C.W. told of the abuse)
questions involving whether appellant had touched her and that C.W. identified
two different men as her father.








To
be guilty of aggravated sexual assault of a child, appellant must intentionally
and knowingly cause the penetration of the female sexual organ of a child by
any means if the victim is younger than 14 years of age.  See Tex.
Pen. Code Ann. '  22.021 (Vernon Supp. 2002).  In view of C.W.=s testimony, the testimony
of the other State=s
witnesses, and the  medical evidence and
testimony presented at trial, we find the evidence factually sufficient.
Although the complainant=s
testimony contained minor inconsistencies and errors, we do not find the
verdict so contrary to the overwhelming weight of the evidence as to be
manifestly unjust. Furthermore, we defer to the jury=s determination of
credibility in evaluating the weight of testimony.  See Cain v. State, 958 S.W.2d 404, 407
(Tex. Crim. App.
1997).  We
overrule appellant=s third point of error.  

The judgment of the trial court is affirmed.

 

 

 

 

/s/        Leslie Brock Yates

Justice

 

Judgment rendered and Memorandum Opinion filed August 19, 2003.

Panel consists of Justices Yates, Hudson, and Frost.

Do Not Publish C Tex. R. App. P.
47.2(b).

 

 











[1]  Appellant
cites Rylander v. State, 75 S.W.3d 119 (Tex. App.CSan
Antonio 2002), rev=d,
101 S.W.3d 107 (Tex. Crim. App. 2003), in support of his argument that the
failure to secure expert testimony was
ineffective.  In Rylander, the
court found ineffective assistance of counsel for failing to present expert
testimony.  Id. at 123B25.  However, the Court of Criminal Appeals
recently reversed the lower court=s
holding based on an insufficient record. 
Rylander v. State, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003).
Therefore, we do not find Rylander persuasive.