IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00125-CR

 

Lutrill Amos Payne,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2004-944-C

 



MEMORANDUM  Opinion



 








          A jury convicted Lutrill Amos Payne of
murder.  At the punishment phase, the jury found that Payne had acted under the
immediate influence of sudden passion with adequate cause and assessed his
punishment at eighteen years’ imprisonment and a $3,500 fine.  Payne contends
in his sole issue that the judgment is erroneous because it recites that he was
convicted of a first degree offense and should be modified to reflect a
conviction for a second degree offense in light of the jury’s finding on the
sudden passion issue.  The State agrees with Payne’s contention.  We will
modify the judgment and affirm the judgment as modified.

          Section 19.02(d) provides that a
murder for which the defendant has been convicted “is a felony of the second
degree” if the defendant proves by a preponderance of the evidence and the jury
so finds that “he caused the death under the immediate influence of sudden
passion arising from an adequate cause.”  Tex.
Pen. Code Ann. § 19.02(d) (Vernon 2003).

          Article 42.01, § 1(14) of the Code of
Criminal Procedure requires the judgment to reflect the “degree of offense for
which the defendant was convicted.”  Tex.
Code Crim. Proc. Ann. art. 42.01, § 1(14) (Vernon Supp. 2005).  The
court’s judgment must accurately recite any of the matters listed in article
42.01 which apply to the case.  See Rachuig v. State, 972 S.W.2d 170,
179 (Tex. App.—Waco 1998, pet. ref’d).

          It does not appear from the record
that Payne presented his complaint to the trial court.  Thus, it could be
argued that this issue should be overruled because it has not been properly
preserved.  See Tex. R. App. P. 33.1(a)(1). 
However, the preservation requirement is not absolute.  See Edwards v. State,
21 S.W.3d 625, 626 n.1 (Tex. App.—Waco 2000, no pet.).  Thus, at least two
courts have reviewed complaints similar to Payne’s even though the complaints
had not been presented to the trial court.  See Cobb v. State, 95 S.W.3d
664, 666-67 (Tex. App.—Houston [1st Dist.] 2002, no pet.); Asberry v. State,
813 S.W.2d 526, 529-30 (Tex. App.—Dallas 1991, pet. ref’d).  We shall do
likewise.

          Because of the jury’s finding on
“sudden passion,” Payne’s conviction is for a second degree felony.  The State
agrees that the judgment in this case does not accurately recite the degree of
the offense of which Payne was convicted.  Accordingly, we sustain Payne’s sole
issue.

The pertinent line of the judgment as entered
reads as follows:

          “DEGREE AND PENAL CODE:          1ST,
P.C. 19.02”

We modify this line of the judgment to read as
follows:

          “DEGREE AND PENAL CODE:          2ND,
P.C. 19.02(d)”

We affirm the judgment as modified.  See Tex. R. App. P. 43.2(b).

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(Chief
Justice Gray concurring)

Modified and affirmed

Opinion delivered and
filed December 14, 2005

Do not publish

[CR25]






>
O P I N I O N
                                                                                                                

      A jury convicted Clester Boe Rogers of the sexual assault of his step-daughter. See Tex. Pen.
Code Ann. § 22.011(a)(2)(A) (Vernon Supp. 1999). The jury sentenced him to seventeen years’
imprisonment. Rogers claims in four points that: (1) counsel provided ineffective assistance; (2)
the evidence is legally and factually insufficient (two points); and (3) the court abused its
discretion by admitting outcry testimony because the victim was too old for her statement to fall
within the outcry exception to the hearsay rule.
BACKGROUND
      The indictment alleges in pertinent part that on or about October 28, 1996 Rogers caused the
penetration of his step-daughter R.D.’s sexual organ with his sexual organ. R.D. was fifteen-years-old at the time of the assault and sixteen at trial. R.D. testified that Rogers forced her “to
have sex with him” on October 28, 1996.


 R.D. reported this to her mother on December 2. Her
mother then took her to the sheriff’s department to make a report. They did not return home that
evening, staying instead in a motel. R.D. testified that she had never previously told anyone about
Rogers assaulting her because he threatened her.
      Deputy John Goss took R.D.’s statement and the statements of her mother, brother and sister. 
The next morning he obtained an arrest warrant for Rogers. Goss arrested Rogers that same
afternoon. He read Rogers his statutory warnings and drove him to the sheriff’s department. See
Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (Vernon 1979). When they got to Goss’s office,
Goss re-read the warnings to Rogers. He then asked Rogers if he would give a statement, which
Rogers said he would do. As Rogers dictated his statement, Goss entered it in his computer. Goss
printed the statement and had Rogers review it before he initialed and signed it.
      The statement consists of a single sheet of paper. It begins with the statutory warnings. Id. 
Goss read the warnings to Rogers, and Rogers initialed each one. Rogers’ actual statement in toto
reads:
I don’t remember all of the dates, that I had sex with my stepdaughter [R.D.]. I know
that we had sex at our house in Ferris and at the Motel 6 in Duncanville, Texas. Every
time that we had sex I use [sic] a condom, because I didn’t want her to get pregnant. As
for my niece [A.] I never touch [sic] her in a sexual manner.


 I have and she has hugged
and she has even kissed me on the cheek, but I have not touched her or have I had her
touch me sexualy [sic].

      Rogers testified that this statement does not accurately reflect what he told Goss or the
statement he signed on December 3. He also recalled that the statement he signed consisted of two
sheets of paper: one with the warnings, and a second with the text of his statement. According
to Rogers, he told Goss he did not engage in any form of sexual contact with R.D. or his niece. 
      On cross examination, Rogers agreed that his initials and signature appear on the statement. 
He intimated that R.D. and her mother made up the accusations against him because: he would
not let R.D. sing in his religious quartet; he imposed an 8:00 curfew on weeknights; he limited
her to 15 minutes on the telephone for each call; and R.D.’s mother was planning to divorce him.
      In rebuttal, Goss testified that the statement introduced is “exactly the same statement, the
same wording, that” Rogers gave on December 3.
      The jury convicted Rogers and sentenced him as indicated above. The court imposed sentence
on December 17, 1997. Six days later, the court received a letter from Rogers requesting a new
trial because his trial counsel had refused to offer alibi evidence which he had called to counsel’s
attention. The court sent counsel a copy of Rogers’s letter on the same date it was received.
      On January 9, a typewritten motion for new trial was filed on Rogers’s behalf. The motion
bears a blank signature line with Rogers’s name underneath. Rogers’s counsel did not sign the
motion. The motion requests a new trial because the “verdict is contrary to the law and the
evidence.” Rogers’s December 23 letter is attached to the motion.
      On the same date, counsel filed a motion asking the court to reconsider Rogers’s previously-established indigence because Rogers had testified during trial “that he had been receiving Social
Security benefits while he was incarcerated for this offense.” Six days later, Rogers filed a pro
se notice of appeal.
      The trial court did not take up counsel’s motion because it apparently believed it lacked
jurisdiction to do so once this Court “took over” upon the filing of the notice of appeal.


 We
abated this cause on May 13 for the court to determine whether Rogers was indigent and if so, to
appoint counsel, or if Rogers desired to represent himself, to determine his ability and capacity
to knowingly and intelligently waive his right to counsel. See Hathorn v. State, 848 S.W.2d 101,
122-23 (Tex. Crim. App. 1992). On June 5, the trial court found that Rogers is indigent and
appointed new counsel to represent him in this appeal.
INEFFECTIVE ASSISTANCE
      Rogers contends in his first point that trial counsel rendered ineffective assistance by failing
to: (1) challenge the voluntariness of his confession; (2) present additional witnesses or evidence
in Rogers’s behalf; and (3) present his motion for new trial to the trial court. Rogers also asserts
that he received ineffective assistance because counsel’s filing of the motion to reconsider his
indigence “created an impermissible conflict of interest.”
      This Court has recently determined that ineffective assistance of counsel claims must be first
presented to the trial court in order to be preserved for appellate review. Gonzalez v. State, 994
S.W.2d 369, 372-74 (Tex. App.—Waco 1999, no pet.) (citing Tex. R. App. P. 33.1(a)). 
Ineffective assistance of counsel claims raised in a motion for new trial are not preserved unless
the motion is “presented” to the trial court. Id. at 373 (citing Carranza v. State, 960 S.W.2d 76,
77 (Tex. Crim. App. 1998)). Presentment occurs when the defendant (1) actually delivers the
motion to the trial court or someone authorized to act for the court or (2) otherwise brings the
motion to the attention of the court. Id.
      When a properly-presented motion for new trial raises matters not determinable from the
record and upon which the accused may be entitled to relief, a trial court abuses its discretion by
failing to hold a hearing on the motion. Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App.
1993); Gonzalez, 994 S.W.2d at 373-74. A motion for new trial has not been properly presented
however, unless it is supported by an affidavit which shows that “reasonable grounds exist for
holding that [the requested] relief could be granted.” See Reyes, 849 S.W.2d at 816; Mendoza v.
State, 935 S.W.2d 501, 503 (Tex. App.—Waco 1996, no pet.).
      Assuming without deciding that Rogers’s December 23 letter constitutes a motion for new trial
which raises an ineffective assistance of counsel claim not determinable from the record, Rogers
did not properly present his motion to the trial court because he did not support it with an
affidavit. Id. Thus, he has not preserved the ineffective assistance claim raised in the motion for
appellate review. Gonzalez, 994 S.W.2d at 372-74; Tex. R. App. P. 33.1(a)(1).
      To the extent Rogers’s first point challenges counsel’s conduct after the filing of the December
23 “motion,” we likewise conclude such claims are not properly preserved for appellate review. 
Rogers could have amended his motion for new trial to include additional allegations at any time
up to January 16 (30 days after imposition of sentence). See Tex. R. App. P. 21.4(b). Thus,
Rogers had seven days after counsel filed the motion to reconsider his indigence to amend his
motion for new trial to complain about counsel’s filing of the indigence motion.


 He failed to do
so.
      Appellate rule 21.6 vests a trial court with discretion to allow presentment of a motion for
new trial as much as 75 days after imposition of sentence. Id. 21.6. Thus, Rogers had until
March 2 to seek presentment of his motion (assuming he had supported it with an affidavit). He
failed to do so.
      Rogers failed to properly present any of his ineffective assistance claims to the trial court. 
Thus, he has not preserved them for appellate review.


 Gonzalez, 994 S.W.2d at 372-74; Tex.
R. App. P. 33.1(a)(1). Accordingly, we overrule Rogers’s first point.
SUFFICIENCY OF EVIDENCE
      Rogers avers in his second and third points respectively that the evidence is legally and
factually insufficient to prove he penetrated R.D.’s sexual organ with his own.
      In reviewing a claim of legal insufficiency, we view the evidence in a light most favorable to
the verdict and determine whether any rational trier of fact could have found the essential element
beyond a reasonable doubt. Saxton v. State, 804 S.W.2d 910, 914 (Tex. Crim. App. 1991) (citing
Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89, 61 L. Ed. 2d 560 (1979)). 
We resolve any inconsistencies in the evidence in favor of the verdict. Matson v. State, 819
S.W.2d 839, 843 (Tex. Crim. App. 1991).
      When presented with a factual insufficiency claim, we discard the prism of the light most
favorable to the verdict. Clewis v. State, 922 S.W.2d 126, 134 (Tex. Crim. App. 1996). We
reverse "only if [the verdict] is so contrary to the overwhelming weight of the evidence as to be
clearly wrong and unjust." Id. 
      We consider all the evidence in the record related to the contested issue, "not just the evidence
which supports the verdict." Santellan v. State, 939 S.W.2d 155, 164 (Tex. Crim. App. 1997). 
We review the evidence tending to prove the issue, "and compare[] it to the evidence which tends
to disprove that [issue]." Id. We give appropriate deference to the jury's decision and do not
substitute our judgment for theirs. Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997). 
We do not set aside the "verdict merely because [we] feel that a different result is more
reasonable." Clewis, 922 S.W.2d at 135 (quoting Pool v. Ford Motor Co., 715 S.W.2d 629, 634
(Tex. 1986)); accord Cain, 958 S.W.2d at 407.
      The following evidence tends to support the State’s allegation that Rogers committed the
offense by penetrating R.D.’s sexual organ with his own:
      •    R.D. testified that Rogers “force[d her] to have sex with him”;
 
      •    she clarified this by answering “Yes” to the question, “When you say Clester had sex
with you, did his penis go inside you?”;
 
      •    R.D.’s mother testified that R.D. told her Rogers had been “making her have sex with
him”;
 
      •    Rogers stated in his confession that he had had “sex” with R.D. on several occasions and
“[e]very time” he “use[d] a condom, because [he] didn’t want her to get pregnant”; and
 
      •    Deputy Goss testified that Rogers maintained throughout the course of his interview “that
he had sexual intercourse with [R.D.] but that he had not done anything sexually with
[his niece].”

      From this evidence we conclude that a rational trier of fact could have found beyond a
reasonable doubt that Rogers penetrated R.D.’s sexual organ with his own. Accordingly, the
evidence is legally sufficient to support this allegation. See Saxton, 804 S.W.2d at 914. Thus,
we overrule Rogers’s second point.
      We have already set out the evidence tending to prove the element of penetration as alleged. 
The following evidence tends to disprove this element:
      •    R.D. did not testify that Rogers’s penis penetrated her vagina;
 
      •    Rogers denied that he had sexually assaulted R.D. and insisted that the confession offered
by the State is not the statement he gave Deputy Goss; and
 
      •    the State offered no physical evidence to prove Rogers sexually assaulted R.D.

      The State introduced the “original” of the statement Rogers gave to Deputy Goss. Goss
testified that the statement introduced is “exactly the same statement, the same wording, that”
Rogers gave him. On cross examination, Rogers agreed that his initials and signature appear on
the statement. Thus, the verity of the confession was an issue for the jury to resolve. We may
not substitute our judgment for the jury’s on an issue such as this. See Cain, 958 S.W.2d at 407. 
      Given the evidence as a whole, we cannot say the verdict is “so contrary to the overwhelming
weight of the evidence as to be clearly wrong and unjust." Clewis, 922 S.W.2d at 134. Thus, the
evidence is factually sufficient to support the verdict. Accordingly, we overrule Rogers’s third
point.
OUTCRY TESTIMONY
      Rogers argues in his fourth point that the court abused its discretion by admitting the outcry
testimony of R.D.’s mother because R.D. was too old for her statement to fall within the outcry
exception to the hearsay rule created by article 38.072 of the Code of Criminal Procedure. See
Tex. Code Crim. Proc. Ann. art. 38.072 (Vernon Supp. 1999). The State responds that the
testimony of R.D.’s mother was not offered as outcry testimony, but rather to rebut Rogers’s
assertion that R.D. had fabricated the allegations against him or had an improper motive for
making them. See Tex. R. Crim. Evid. 801(e)(1)(B).



      We review a court’s evidentiary rulings under an abuse of discretion standard. Green v.
State, 934 S.W.2d 92, 101-02 (Tex. Crim. App. 1996). We reverse only when the ruling falls
outside the “zone of reasonable disagreement.” Id. at 102 (quoting Montgomery v. State, 810
S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh’g)). We will uphold the court’s ruling if
correct on any theory of law applicable to the case, even if the court gave an incorrect reason for
the ruling. Jones v. State, 982 S.W.2d 386, 389 (Tex. Crim. App. 1998).
      Rogers made a hearsay objection to the testimony of R.D.’s mother concerning statements
R.D. had made to her. The court overruled the objection before the State had opportunity to
respond.
      On cross-examination, Rogers’s counsel asked R.D. whether she considered many of the
restrictions Rogers had placed on her to be unfair. She responded that she did consider them
unfair. Counsel elicited from R.D. that she did not get along with Rogers during the period
toward the end of 1996 when she first made allegations against him. Counsel also questioned
R.D. about the extent the prosecutors had spent preparing her to testify in court.
      This line of questioning raised at least an implication that R.D. had fabricated her testimony
against Rogers or had improper motives for her testimony. Thus, her prior consistent statement
would be admissible to rebut this implied charge of recent fabrication or improper motive.


 See
Dowthitt v. State, 931 S.W.2d 244, 263-64 (Tex. Crim. App. 1996); Tex. R. Crim. Evid.
801(e)(1)(B). Thus, we cannot say the court’s decision to admit the testimony of R.D.’s mother
lies outside the “zone of reasonable disagreement.” See Green, 934 S.W.2d at 102; see also Long
v. State, 821 S.W.2d 216, 217-28 (Tex. App.—Houston [14th Dist.] 1991, no pet.); Grogan v.
State, 713 S.W.2d 705, 710 (Tex. App.—Dallas 1986, no pet.). Accordingly, we overrule
Rogers’s fourth point.
      We affirm the judgment.
 
                                                                               REX D. DAVIS
                                                                               Chief Justice


Before Chief Justice Davis
      Justice Vance and
      Justice Gray
Affirmed
Opinion delivered and filed October 27, 1999
Do not publish