**Opinion filed September 11, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-18-00232-CR

_____

## CARLOS MANUEL HERNANDEZ, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 42nd District Court**
**Taylor County, Texas**
**Trial Court Cause No. 27231-A**

## M E M O R A N D A M   O P I N I O N

The jury convicted Carlos Manuel Hernandez of two counts of aggravated sexual assault of a child younger than six years old. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B), (f)(1) (West 2019). The trial court assessed his punishment at confinement for a period of thirty years in the Institutional Division of the Texas Department of Criminal Justice on each count with the sentences to run concurrently. In his sole issue on appeal, Appellant contends that the outcry witness should not have testified because the "outcry" was unreliable. We affirm.

The indictment charged Appellant with two counts of aggravated sexual assault of a child younger than six committed against PSEUIH, Appellant's four-year-old daughter. The State called Appellant's nineteen-year-old daughter, F.H., as an outcry witness. F.H. typically cared for PSEUIH in F.H.'s home. On February 6, 2016, PSEUIH became irritable and jumpy while F.H. bathed her. F.H. noticed that PSEUIH's vaginal area and anus were red and swollen. F.H. took PSEUIH from the bath and asked who touched her. After asking three or four more times, PSEUIH told F.H., "Daddy touched me." F.H. denied coercing PSEUIH to suggest that Appellant was involved in the incident. F.H. subsequently took PSEUIH to the hospital, and a Sexual Assault Nurse Examiner (SANE) examined PSEUIH.

The State notified the defense that it intended to use F.H. as an "outcry" witness. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072, § 2(b)(1) (West Supp. 2019). At the hearing, defense counsel objected to the outcry statement based on the contention that PSEUIH could not discern a truth from a lie during an interview at the Child Advocacy Center. *See id.* § 2(b)(2). At the end of the hearing, the trial court determined that PSEUIH's outcry statement to F.H. was reliable. During trial, defense counsel later made a "hearsay" objection to F.H. testifying about what PSEUIH had said during the outcry. The trial court overruled the hearsay objection.

*Analysis*

In his sole issue, Appellant contends that the trial court erred when it determined that PSEUIH's outcry statement to F.H. was reliable. In support of his argument, Appellant asserts that the trial court did not use the "[i]ndicia of reliability" listed in *Torres v. State* to determine the reliability of the outcry statement. *See Torres v. State*, 424 S.W.3d 245, 257 (Tex. App.—Houston [14th

Dist.] 2014, pet. ref'd) (listing several discretionary factors that a trial court may consider to determine whether an outcry statement is reliable).

We review a trial court's decision to admit or exclude a hearsay statement that may fall within the outcry exception under an abuse of discretion standard. *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1991); *Garcia v. State*, 792 S.W.2d 88, 91 (Tex. Crim. App. 1990). We will reverse a trial court's ruling only if it is outside the "zone of reasonable disagreement." *Montgomery*, 810 S.W.2d at 391.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted. TEX. R. EVID. 801(d). Unless a statutory exception exists, hearsay is not admissible evidence. TEX. R. EVID. 802. One exception is the "outcry statement" as codified in Article 38.072 of the Texas Code of Criminal Procedure.

> Because it is often traumatic for children to testify in a courtroom setting, especially about sexual offenses committed against them, the Legislature enacted Article 38.072 to admit the testimony of the first adult a child confides in regarding the abuse. This witness may recite the child's out-of-court statements concerning the offense, and that testimony is substantive evidence of the crime.

*Martinez v. State*, 178 S.W.3d 806, 810–11 (Tex. Crim. App. 2005) (footnote omitted).

Article 38.072 provides that a child's outcry statement is not inadmissible if (1) the State gives the defendant proper notice; (2) the trial court finds, in a hearing conducted outside the presence of the jury, that the statement is reliable based on the time, content, and circumstances of the statement; and (3) the child testifies. CRIM. PROC. art. 38.072, § 2(b). The phrase "time, content, and circumstances" refers to "the time the child's statement was made to the outcry witness, the content of the child's statement, and the circumstances surrounding the making of that statement." *Broderick v. State*, 89 S.W.3d 696, 699 (Tex. App.—Houston [1st Dist.] 2002, pet.

3

ref'd) (quoting *MacGilfrey v. State*, 52 S.W.3d 918, 921 (Tex. App.—Beaumont 2001, no pet.)).

In an Article 38.072 hearing, the trial court's focus is whether the child's outcry statement is reliable, not whether the outcry witness is credible. *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). Outcry reliability is determined on a case-by-case basis. *Buentello v. State*, 512 S.W.3d 508, 518 (Tex. App.—Houston [1st Dist.] 2016, pet. ref'd); *Davidson v. State*, 80 S.W.3d 132, 139 (Tex. App.—Texarkana 2002, pet. ref'd). The trial court considers the circumstances of the outcry, not the abuse itself. *See Sanchez*, 354 S.W.3d at 487. Indicia of reliability that the trial court may consider include: (1) whether the child victim testifies at trial and admits making the out-of-court statement; (2) whether the child understands the need to tell the truth and has the ability to observe, recollect, and narrate; (3) whether other evidence corroborates the statement; (4) whether the child made the statement spontaneously in her own terminology or whether evidence exists of prior prompting or manipulation by adults; (5) whether the child's statement is clear and unambiguous and rises to the needed level of certainty; (6) whether the statement is consistent with other evidence; (7) whether the statement describes an event that a child of the victim's age could not be expected to fabricate; (8) whether the child behaves abnormally after the contact; (9) whether the child has a motive to fabricate the statement; (10) whether the child expects punishment because of reporting the conduct; and (11) whether the accused had the opportunity to commit the offense. *Buentello*, 512 S.W.3d at 518 n.4; *Torres*, 424 S.W.3d at 257; *Norris v. State*, 788 S.W.2d 65, 71 (Tex. App.—Dallas 1990, pet. ref'd); *Buckley v. State*, 758 S.W.2d 339, 343–44 (Tex. App.—Texarkana 1988), *aff'd*, 786 S.W.2d 357 (Tex. Crim. App. 1990).

Although these factors are useful, they are not mandatory. *See, e.g.*, *Buckley*, 758 S.W.2d at 343 (establishing eleven "[i]ndicia of reliability" that the trial court

"may look to"); *Norris*, 788 S.W.2d at 71 (noting that the trial court "may" consider the indicia of reliability). Thus, the trial court need not consider every factor to find the child's statement reliable. *Cf. Norris*, 788 S.W.2d at 71 (concluding that the trial court did not need to consider every indicia of reliability before finding the statement reliable). Moreover, courts have noted that a child's outcry statement may be reliable even if it is vague or inconsistent about the details. *Broderick*, 89 S.W.3d at 699; *In re J.G.*, 195 S.W.3d 161, 171 (Tex. App.—San Antonio 2006, no pet.).

The trial court was vested with discretion to determine whether PSEUIH's outcry statements were sufficiently reliable based on the time, content, and circumstances of the statements. *See Buentello*, 512 S.W.3d at 518–20. Appellant challenged F.H.'s outcry testimony on the basis that PSEUIH's report to F.H. was not reliable because it was not spontaneous and because PSEUIH did not know the difference between the truth or a lie.

F.H. was the only witness that testified at the Article 38.072 hearing. F.H. testified that PSEUIH knew the difference between the truth and a lie despite the fact that she was only four years old. F.H. also denied coaching PSEUIH to say that Appellant touched her. F.H. testified that PSEUIH made the outcry after F.H. observed redness on PSEUIH's vaginal area and witnessed her reluctance to take a bath due to the pain. Thus, the evidence offered during the Article 38.072 hearing supported the trial court's determination that PSEUIH's outcry to F.H. was reliable. We conclude that the trial court did not abuse its discretion in finding that the outcry statement was reliable.

Moreover, PSEUIH later testified at trial that Appellant touched her privates and that it hurt. The child colored a diagram to show where Appellant had touched her. The child confirmed that F.H. was the first person that she told about the touching. Additionally, PSEUIH conveyed the same information during the CAC interview and the SANE examination. *See Lane v. State*, 151 S.W.3d 188, 192–93

5

(Tex. Crim. App. 2004) (finding no harm in a victim's hearsay statement when hospital records and individual testimonies conveyed the same information).

During the CAC interview, PSEUIH said, "[M]y daddy touched me in the butt, and it's hurting." Tiffany Fullerton, a sexual assault nurse examiner, testified that PSEUIH told her, "I hear something and then my dad came and touched me on the butt," and that PSEUIH indicated "butt" to mean both her sexual organ and anus on the diagrams. Thus, even if the trial court erred when it found that the outcry statement was reliable and allowed F.H. to testify, the error was harmless. *See Brooks v. State*, 990 S.W.2d 278, 287 (Tex. Crim. App. 1999) (When properly admitted evidence proves the same facts as the improperly admitted evidence, the error is harmless.); *Long v. State*, 821 S.W.2d 216, 217 (Tex. App.—Houston [14th Dist.] 1991, no pet.) (noting that an error was harmless when the victim testified to the same information that she told to the outcry witness).

We overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY
CHIEF JUSTICE

September 11, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1] Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.